UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cr-00005-SRC |
| | ) |
| JERRY MICHAEL CONLEY, | ) |
| | ) |
| Defendant. | ) |

## Order

Defendant Jerry Michael Conley is charged in a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  Docs. 1–2.  Conley seeks suppression of the evidence and statements that led to his indictment, arguing that police officers violated his Fourth and Fifth Amendment rights.  Doc. 25.  Conley specifically claims his arresting officer had insufficient probable cause for the scope of the search he conducted, and that the officer exceeded the scope of his authority when he detained Conley following a wellness check.  *Id.*  The Court disagrees.

### I.     Background

The Court referred Conley's Motion to Suppress Evidence and Statements, Doc. 25, to United States Magistrate Judge Abbie Crites-Leoni.  *See* 28 U.S.C. § 636(b).  After an evidentiary hearing and post-hearing briefing, Judge Crites-Leoni issued a Report and Recommendation detailing her factual findings, legal conclusions, and recommendation on Conley's motion.  Doc. 56; *see also* Docs. 33–35, 37, 47, 50, 55.  The Report and Recommendation recommends that the Court deny Conley's Motion to Suppress Evidence and Statements.  Doc. 56 at p. 14.  Conley objects to the Report and Recommendation.  Doc. 59.

II.    Analysis

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected.   *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).   In making its de novo determination, the Court reviewed the entire record, including the transcript of the May 25, 2021 evidentiary hearing and the exhibits entered into evidence at that hearing, as well as the post-hearing briefing.   Docs. 37, 47, 50, 55.

Conley makes only one specific objection as to Judge Crites-Leoni's Report and Recommendation and then overall objects "for the reasons set out within his previously filed Motion to Suppress Evidence and Statements (Doc #25), as well as those stated in his Post Hearing Memorandum (Doc #47)."   Doc. 59.   The Court discourages this practice, as it fails to identify specific findings or conclusions that Conley claims should have been decided differently, or why.   *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or ***specified*** proposed findings or recommendations to which objection is made."(emphasis added)).   Nonetheless, the Court has conducted a de novo review, and sets forth its findings below.

A.    **Findings of fact**

Conley makes no specific objection as the findings of fact in the Report and Recommendation.   Nonetheless, the Court has conducted a de novo review and finds that Judge Crites-Leoni has accurately set forth the facts supported by the record.   Accordingly, the Court

2

adopts, incorporates, and sustains all findings of fact as set forth in Judge Crites-Leoni's Report and Recommendation, Doc. 56.

      **B.**      **Conclusions of law**

Conley objects to the Report and Recommendation's conclusion that police had probable cause to search and lawfully detain him. Doc. 59. In support of his objection, Conley states:

> . . . Officer Stanfield continued his questioning *after* he found the occupants were safe and were merely asleep at the time (emphasis supplied). The way he positioned his car was such that no reasonable person would believe they were free to leave. The simple fact that the car Mr. Conley was in could have driven past without physically touching the patrol car is not determinative of a reasonable belief in being free to leave. In this case, there was not enough room to leave without significantly maneuvering the vehicles and no reasonable person would have felt they were free to leave. Officer Stanfield's further detention was unwarranted and violated Mr. Conley 5th Amendment right to be free from unreasonable searches and seizures.

*Id.* at ¶ 4.

On de novo review, the Court finds that the record amply supports that police had probable cause to search and detain Conley. While Chief Stanfield's initial act of checking on the occupants was not to investigate a crime rather a performance of his duty as a community caretaker, Chief Stanfield's observations and reasonable questioning of Conley and the female occupant during the wellness check, ultimately led to the discovery of a crime. Thus, for the reasons set forth more fully in Judge Crites-Leoni's Report and Recommendation, the Court finds that: Chief Stanfield's pat-down of Conley was justified under *Terry v. Ohio*, 392 U.S. 1, 30–31 (1968); seizure of the gun on the passenger floorboard was justified under the plain-view and automobile exceptions to the warrant requirement; the statements Conley made to Chief Stanfield and TFO Callen are admissible as both officers reviewed the *Miranda* warnings with Conley, and Conley both acknowledged and waived those rights orally and in writing before he made his statements; and Conley's claim that he was unlawfully detained by the way Chief

3

Stanfield parked his patrol vehicle remains unfounded. Therefore, after careful de novo consideration of the entire record, the Court overrules Conley's objections and adopts, sustains, and incorporates the thorough reasoning Judge Crites-Leoni sets forth in support of her recommendation.

**III.    Conclusion**

The Court sustains, adopts, and incorporates United States Magistrate Judge Abbie Crite-Leoni's [56] Report and Recommendation, and denies Defendant Jerry Michael Conley's [25] Motion to Suppress Evidence and Statements.

Trial of this matter is set for January 18, 2022 at 9:00 a.m. in a courtroom in the Southeastern Division to be determined.

Dated this 28th day of December 2021.

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE